UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JESSICA ESTRADA,

      CASE NO.:

    Plaintiff,

v.

ORLANDO HEALTH CENTRAL, INC.,
a Florida Not For Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JESSICA ESTRADA ("Ms. Estrada" or "Plaintiff") files this Complaint against Defendant, ORLANDO HEALTH CENTRAL, INC., ("Orlando Health" or "Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA").

2. Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, declaratory relief, and her attorneys' fees and costs.

## JURISDICTION, VENUE AND FMLA COVERAGE

3. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 *et seq.*

4. At all times relevant hereto, Plaintiff was an employee of Defendant and worked for Defendant in Orange County, Florida.

5. Orlando Health is a Florida not for profit corporation that is located and does business in Orange County, Florida, and is therefore within the jurisdiction of this Court.

6. Plaintiff worked for Defendant in Orange County, Florida, and therefore the proper venue for this case is the Orlando Division of the Middle District of Florida.

7. At all times relevant, Defendant was an employer covered by the FMLA, because it engaged in commerce, or in an industry affecting commerce, who employed fifty (50) or more employees within seventy-five (75) miles of where Plaintiff worked, for each working day during each of twenty (20) or more calendar workweeks during the relevant period of time.

8. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) necessitated medical leave for her serious medical condition; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

9. Ms. Estrada worked for Defendant, most recently as an Assistant Manager in the Patient Access Department, from April 12, 2021, until her termination on August 7, 2021.

10. Ms. Estrada was an excellent employee, and had no significant history of non-medical attendance, tardiness, or disciplinary issues.

11. Ms. Estrada has, for years, suffered from a disability and chronic, serious health condition, namely anxiety and fibromyalgia.

12. On April 12, 2021, Ms. Estrada began working in the Patient Access Department.

13. To accommodate and treat with her medical condition, Ms. Estrada requested and was approved for intermittent leave pursuant to the FMLA from February 15, 2021, through August 13, 2021.

14. Within two to three weeks of arriving to her new department, Ms. Estrada informed her supervisor, Angel Patrick ("Ms. Patrick"), of her required accommodation of intermittent FMLA leave.

15. Immediately following this conversation, Ms. Patrick began to treat Plaintiff differently than her peers who did not require accommodations or FMLA leave.

16. By means of example, but not meant to be an exhaustive list, on or about June 4, 2021, Ms. Patrick completed an annual performance evaluation of Ms. Estrada wherein Ms. Estrada evaluated her performance as "exceeding expectations."

17. At the time of the June 4, 2021, performance evaluation, Ms. Estrada had only taken one (1) day of FMLA leave while working under Ms. Patrick in the Patient Access Department.

18. However, on or about June 23 through June 25, 2021, Ms. Estrada's medical condition flared up. Consequently, Ms. Estrada was required to tale a period of protected FMLA leave pursuant to her accommodation to treat her serious health condition.

19. Following this period of leave, Ms. Estrada became aware of Ms. Patrick's disparaging and discriminatory comments regarding Plaintiff's accommodation to Plaintiff's colleagues.

20. Specifically, by way of example, during Plaintiff's leave, Ms. Patrick stated to Troy Garcia, Plaintiff's colleague, that she would not have hired Ms. Estrada had she known she required FMLA leave.

21. Notably, Ms. Patrick went on to express to Troy Garcia her frustration of other employees of Defendant who required FMLA leave in the past.

22. Immediately following these comments, Troy Garcia reported Ms. Patrick's negative comments regarding Ms. Estrada's FMLA status to Human Resources. It is unknown what, if any, action was taken by Defendant or its Human Resources Department to address this report.

23. Upon Ms. Estrada's return from her brief period of FMLA leave, she noticed Ms. Patrick's attitude and demeanor change towards Ms. Estrada.

24. On August 2, 2021, Ms. Patrick completed a ninety (90) day review of Ms. Estrada wherein Ms. Patrick commented that "Jessica is having a hard time staying up on her basic role responsibilities, focus, initiative, and **attendance.**"

25. Immediately, Ms. Estrada went to Human Resources and reported the retaliatory review to Shannon Miceli ("Ms. Miceli").

26. Specifically, Ms. Estrada objected that the 90-day review was in retaliation for her having previously taken FMLA leave.

27. Furthermore, Ms. Estrada advised Ms. Miceli that she was aware Ms. Patrick had previously made comments speaking negatively of employees, including herself, for having taken leave pursuant to the FMLA.

28. Two days later, on or about August 4, 2021, Ms. Estrada met with Ms. Patrick and Human Resource Representative, Mike Lopez ("Mr. Lopez").

29. During this conversation, Ms. Estrada made Mr. Lopez aware of Ms. Patrick's discriminatory and retaliatory comments about Ms. Estrada being approved for FMLA leave.

30. Three days later, on or about August 6, 2021, a Human Resource Representative presented Ms. Estrada with a letter effectively terminating her position without any guarantee continued employment with the company would be secured as of August 7, 2021.

31. On or about August 7, 2021, Plaintiff was terminated from Defendant.

32. At this time, Ms. Estrada was discharged from her position of Assistant Manager in the Patient Access Department.

33. The timing of Plaintiff's discharge, just days after using protected FMLA leave and objecting to Ms. Patrick's discrimination and retaliation, demonstrates that

Defendant interfered with and retaliated against Ms. Estrada for exercising her FMLA rights.

34. Moreover, because Defendant acted with intent to interfere with, and otherwise retaliate against Plaintiff for her use of FMLA leave Defendant' actions likewise constitute FMLA retaliation.

35. As a result of Defendant' conduct, Plaintiff failed to take FMLA leave she otherwise would have been entitled to take.

36. Defendant' stated reason for Plaintiff's discharge is a pretext, designed to cover up FMLA interference and retaliation.

37. The timing of Plaintiff's use of protected FMLA leave and Defendant's discharge of her employment alone demonstrates a causal and temporal nexus between her protected activity, and the illegal actions taken against her by Defendant.

38. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

39. Defendant did not have a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

### COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

40. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-39, above.

41. At all times relevant hereto, Plaintiff was protected by the FMLA.

42. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

43. At all times relevant hereto, Defendant interfered with Plaintiff by discouraging her from taking FMLA leave, by issuing a negative performance evaluation based on Ms. Plaintiff's use of such leave, and ultimately by discharging her while approved to take FMLA leave.

44. Plaintiff's discharge was an adverse employment action.

45. As a result of Defendant' willful and unlawful acts by interfering with Plaintiff in her attempt to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

46. As a result of Defendant' willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

### COUNT II- RETALIATION UNDER THE FMLA

47. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-39, above.

48. At all times relevant hereto, Plaintiff was protected by the FMLA.

49. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

50. At all times relevant hereto, Defendant retaliated against Plaintiff by issuing Plaintiff a negative performance evaluation, reciting discriminatory and disparaging comments based on Plaintiff's use of FMLA leave, and ultimately discharging Plaintiff for her use of FMLA protected leave and for her objections to discrimination and retaliation as a result of using same.

51. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised her rights, and sought to exercise her rights to take leave pursuant to the FMLA.

52. Plaintiff's discharge was an adverse employment action.

53. As a result of Defendant' intentional, willful and unlawful acts by retaliating against Plaintiff for her use of FMLA protected leave, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

54. As a result of Defendant' willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 18th day of November, 2021.

Respectfully Submitted,

By**:** *_/s Noah E. Storch_*
Noah E. Storch, Esq.
Florida Bar No. 0085476
Richard Celler Legal, P.A.
10368 West State Road 84, Suite 103
Davie, Florida 33324
Telephone:  (866) 344-9243
Facsimile:   (954) 337-2771
E-mail: noah@floridaovertimelawyer.com
*Attorneys for Plaintiff*